## Huckins versus Straw.

A writ of entry is maintainable by a mortgager, except against the mortgagee and those claiming under him, notwithstanding that the tenant in the suit has, by long occupation, become entitled to betterments.

On Facts agreed.

Writ of Entry by a mortgager against a party, who, by more than six years occupation, had become entitled to betterments. If the action is maintainable, a person agreed upon by the parties, is to appraise the land and the improvements.

*Cutting*, for the demandant.

*Peters*, *Hodgdon* and *Madigan*, for the tenant.

To maintain a writ of entry, right of possession is essential. The right of a mortgager is only contingent, and cannot prevail against a vested interest. Twenty years adverse possession gives an indefeasible title. Six years adverse possession gives "a title against all who have not a paramount title," an interest, immediate and definite, that cannot be disturbed, except as provided, by the 27, 28, 29, 30, 31, 32, 33 and 34th sections of chap. 145, of the R. S. — 6 Mass. 303.

If a mortgager were permitted to maintain an action against one entitled to betterments, the receipt by him of the adjudged value of the land from the tenant, could not divest the mortgagee of the fee, and a failure on the part of such demandant to redeem, would leave the relative rights of the mortgagee and tenant the same as if no such adjudication and payment had occurred. Whereas, by bringing the suit in the name of the mortgagee, the proceedings would quiet the tenant's title, and the money received in payment for the soil would be deducted in redeeming the mortgage. Or if the mortgager preferred to pay the appraised value of the betterments, he could furnish the mortgagee funds for that purpose.

The opinion of the Court, Shepley, C. J., Wells, Rice and Hathaway, J. J., was drawn up by

WELLS, J. — The demandant is. seized of the fee against all persons except the mortgagee, and may maintain a writ of entry to recover possession against any one not claiming under the mortgage. This principle of the common law has not been changed by the statute in relation to betterment claims. It does not prohibit the mortgager from maintaining an action against a disseizor, but does provide, by chap. 145, sect. 33, that if the tenant be evicted after the land has been abandoned to him, by a better title of any claimant, he may recover back the money he has paid to the demandant.

It is not within the power of the Court to engraft upon the statute any further provision than what it has provided for the protection of those claiming betterments.

According to the agreement of the parties the demandant is entitled to recover, and the appraised value of the land and improvements are to be made in conformity to it.